...

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HARRIS, <br><br>            Plaintiff, <br>   vs. <br><br>STONECREST CARE AUTO CENTER, LLC dba SHELL; VINCENT D. MANNO, Trustee of the VINCENT D. MANNO TRUST; CAROL ANN CARLETON, FILOMENA R. BUCKINGHAM and AMELIA M. LUCAS, Trustees of the CAROL A. CARLETON TRUST, Trustees of the FILOMENA R. BUCKINGHAM TRUST, and Trustees of the AMELIA M. LUCAS TRUST; LARRY M. LUCAS and AMELIA M. LUCAS, Trustees of the LUCAS FAMILY TRUST, <br><br>            Defendants. | CASE NO. 04CV2593-LAB (LSP) <br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES** <br><br>[Docket no. 87.] |

Following dismissal of all claims at trial for lack of jurisdiction, Defendants filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1927, and Fed. R. Civ. P. 11 and 54. Their motion was supported by a memorandum of points and authorities ("Fee Mem.")

Defendants have asked the Court to take judicial notice of several documents, including the original and amended complaints in this action, certain interrogatory responses, and certain exhibits in support of one of Plaintiff's motions in limine. Because these documents are all part of the docket in this case, parties need not formally request judicial notice. Because Defendants have requested it,

however, and because notice is appropriate under Fed. R. Evid. 201, these requests are **GRANTED**. Defendants have also asked the Court to take judicial notice of an order of dismissal in an unpublished case in which attorney's fees were awarded. (Fee Mem. at 3:25–4:3.) This case, brought in the Central District of California, involved different parties. In essence, Defendants are asking this Court to rely on this order as having precedential value. This request is **DENIED.**

Under § 12205, the Court may, in its discretion award fees and costs to the "prevailing party" in an Americans with Disabilities Act ("ADA") lawsuit. Under Rule 54, a "prevailing party" is entitled to costs as a matter of course, but is entitled to fees and non-taxable costs only if provided for by law. Rule 54(d)(1)–(2)(A).

In this case, the Court dismissed Plaintiff's federal claim for lack of standing, eliminating jurisdiction over his remaining supplemental state law claims. Dismissal for lack of standing is not, however, a judgment on the merits such would entitle a defendant to an award of costs and fees as a prevailing party under the ADA. *Feezor v. Lopez De-Jesus*, 439 F. Supp.2d 1109, 1110–11 (S.D.Cal., 2006) (citation omitted). Likewise, a defendant is not a "prevailing party" for Rule 54(d) purposes when an action is dismissed for jurisdictional reasons, so the Court cannot award costs under this rule. *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003).

Defendants argue they are entitled to an award of attorney's fees under either Rule 11, or 28 U.S.C. § 1927 because this entire action was frivolous. (Fee Mem., at 2:23–25, 3:3–5.) Under 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927 sanctions must be supported by a finding of subjective bad faith," which "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir.2002) (citation omitted). An action is frivolous when "the result is obvious or the arguments of error advanced are wholly without merit." *Int'l Union of Petroleum & Industrial Works v. W. Indus. Maint., Inc.*, 707 F.2d 425, 430 (9th Cir. 1983).

///

Based on the pleadings and the evidence presented at trial, the Court cannot conclude the action was wholly without merit or lacked even an arguable basis in fact or law, or was otherwise sanctionable. The Court's ruling in this case, that Plaintiff lacked standing, had to navigate a field of apparently contradictory precedent that rendered the ruling non-obvious. For example, the Court's ruling distinguished dicta in two other cases, *Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp.2d 1120 (S.D.Cal. 2005) and *Molski v. Arby's Huntington Beach*, 359 F. Supp.2d 938, 941 (C.D.Cal. 2005). *See Harris v. Stonecrest Auto Center, LLC*, 472 F. Supp.2d 1208, 1217–18 (S.D.Cal. 2007).

As discussed in the Court's findings of facts and conclusions of law, *see Harris*, 472 F. Supp.2d at 1215, the Court is concerned about the use of ADA claims as part of a "shakedown scheme," a trend noted by other courts as well. Defendants have argued Plaintiff brought this action as part of such a scheme. (Fee Mem. at 9:1–10:8.) It is true Plaintiff was a poor witness who appeared unable to remember details unfavorable to his case. Plaintiff's main difficulty, however, was with facts showing whether he had standing under federal law. Adequate evidence was presented at trial to support a finding that Plaintiff was disabled, that he had visited the premises in question, and that some barriers existed. Although many of the barriers clearly did not affect him, some apparently did, or could have done so.

The only remedy available under Title III of the ADA is injunctive relief. 42 U.S.C. § 12199(a)(1); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). While Plaintiff lacked standing to seek this remedy, the Court never examined whether he would have had standing to bring his state law claims for damages and injunctive relief.

The Court dismissed Plaintiff's supplemental state claims because his federal claim was dismissed, and not because the Court found Plaintiff lacked standing to bring those claims. In addition to his claims for damages based on the barriers he encountered, Plaintiff sought injunctive relief for barriers that could potentially affect him. Under Cal. Health & Safety Code § 19955, a plaintiff need only be "potentially aggrieved" to obtain injunctive relief. While Plaintiff did not clearly identify which of the barriers he was not injured by, he did make some effort to explain he was not claiming damages for all barriers that existed. (Fee Mem. at 3:21–4:13.) This action would have been resolved

1 | more easily, quickly, and inexpensively if Plaintiff's counsel had clearly identified which barriers
2 | Plaintiff was not claiming damages for, but the Court is not persuaded the presence of some irrelevant
3 | allegations in the pleadings supports a finding of frivolousness or bad faith.
4 |     Although the Court found Plaintiff visited the premises in question simply in order to see if
5 | there were any ADA violations and not as a bona fide patron, such an action, by itself, does not
6 | necessarily constitute bad faith. *See Harris*, 472 F. Supp.2d at 1218–19 (citing cases examining
7 | standing of disabled "testers").
8 |     The Court therefore concludes an award of Attorney's fees under either Rule 11 or 28 U.S.C.
9 | § 1927 would be inappropriate.
10 |     Defendants' motion for award of costs and fees is therefore **DENIED.**
11 |
12 |     **IT IS SO ORDERED**.
13 | DATED: March 21, 2008
14 |
15 |                           **HONORABLE LARRY ALAN BURNS**
                          United States District Judge